# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING, an agency of the State of California, | ) 1:09cv01388 LJO DLB ) ) |
| Plaintiff, | ) ORDER GRANTING PLAINTIFF'S ) MOTION TO REMAND ACTION ) |
| v. | ) (Document 14) ) |
| CORRECTIONS CORPORATION OF AMERICA, et al., | ) ) ) |
| Defendants. | ) ) |
| SHIRLEY DARLENE CHAPMAN, | ) ) |
| Real Party in Interest. | ) ) |

On September 22, 2009, Plaintiff Department of Fair Employment and Housing filed the instant Motion to Remand. The matter was heard on October 30, 2009, before the Honorable Dennis L. Beck, United States Magistrate Judge. Alexandra Seldin appeared telephonically on behalf of Plaintiff. Richard Chen appeared on behalf of Defendant Corrections Corporation of America.

**BACKGROUND**

Plaintiff Department of Fair Employment and Housing ("Plaintiff" or "DFEH"), on behalf of real party in interest Shirley Darlene Chapman ("Chapman"), filed the underlying action based on violations of the Fair Employment and Housing Act ("FEHA") in Kern County Superior Court on June 17, 2009. DFEH alleges employment discrimination based on Chapman's disability and

1

asserts four separate causes of action under FEHA, Cal. Gov't Code § 12900 *et seq*. As relief, DFEH seeks reinstatement of Chapman, reasonable front pay and employment benefits, compensatory damages for back pay and benefits, damages for emotional and physical distress and pain, humiliation and injury, punitive damages and injunctive relief.

Defendant removed the action to this Court on August 6, 2009, alleging diversity jurisdiction.[1]

On September 22, 2009, DFEH filed the instant motion to remand. DFEH argues that no diversity of citizenship exists because the Department, as an alter ego of the State of California, is not a citizen for diversity purposes.

Defendant opposed the motion on October 12, 2009, and DFEH submitted a reply.

**DISCUSSION**

A.  Legal Standard

By statute "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The party seeking to invoke federal jurisdiction bears the burden of establishing jurisdiction. See Indus. Tectonics, Inc. v. Aero Alloy, 912 F. 2d 1090, 1092 (9th Cir. 1990). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

To establish jurisdiction based on diversity, there must be complete diversity of citizenship and an amount in controversy greater than $75,000 exclusive of interest and costs. 28 U.S.C. § 1332(a).

B.  Analysis

DFEH first contends that complete diversity is lacking because the State is not a citizen for purposes of jurisdiction and DFEH is an alter ego of the State. Morongo Band of Mission

---

[1] Defendant also filed a motion to strike portions of the complaint on August 12, 2009. The motion to strike is scheduled for hearing on November 17, 2009.

Indians, v. California State Bd. of Equalization, 858 F.2d 1376, 1381 (9th Cir. 1988) (agency of State has no "citizenship" for purposes of 28 U.S.C. § 1332). Defendant agrees that DFEH, as an alter ego of the State, is not a California citizen for purposes of federal diversity jurisdiction. Opposition, p. 2. However, Defendant argues that DFEH's lack of citizenship will defeat federal diversity jurisdiction only where DFEH is a real party in interest. Navarro Savings Assoc. v. Lee, 446 U.S. 458, 460 (1980) ("a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy"). Defendant asserts that Chapman is the real party in interest and not DFEH. Accordingly, the dispositive issue is whether DFEH is the real party in interest in this case.

      1.      Real Party in Interest

Federal Rule of Civil Procedure 17(a) provides that "every action shall be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). A party authorized by statute may sue in its own name without joining the person for whose benefit the action is brought. Fed. R. Civ. P. 17(a)(1)(G).

DFEH first claims that it is the real party in interest because it is authorized by statute to sue in its own name on behalf of an employee who has been injured by a discriminatory act. Based on statutory authority, DFEH explains that it may bring administrative accusations and civil complaints on behalf of the victims of discrimination. Cal. Gov't Code §§ 12930(h), 12965(c)(2) ("the department shall dismiss the accusation and shall, either itself or, at its election, through the Attorney General, file in the appropriate court an action in its own name on behalf of the person claiming to be aggrieved as the real party in interest").

Defendant counters that the Government Code establishes that Chapman, not DFEH, is the real party in interest. Defendant cites § 12965(c)(2), which provides:

> No later than 30 days after the completion of service of the notice of election pursuant to paragraph (1), the department shall dismiss the accusation and shall, either itself or, at its election, through the Attorney General, file in the appropriate court an action in its own name on behalf of the person claiming to be aggrieved as the real party in interest. **In this action, the person claiming to be aggrieved shall be the real party in interest and shall have the right to participate as a party and be represented by his or her own counsel**. Complaints filed pursuant to this section shall be filed in the superior court in any county in which unlawful practices are alleged to have been committed, in the county in which records

3

>relevant to the alleged unlawful practices are maintained and administered, or in the county in which the person claiming to be aggrieved would have worked or would have had access to public accommodation, but for the alleged unlawful practices. If the defendant is not found in any of these counties, the action may be brought within the county of the defendant's residence or principal office. Those actions shall be assigned to the court's delay reduction program, or otherwise given priority for disposition by the court in which the action is filed.

Cal. Gov't Code § 12965(c)(2) (emphasis added). Defendant also indicates that DFEH's own complaint identified Chapman as the real party in interest.

Defendant correctly asserts that the statutory language identifies the real party in interest as the aggrieved person, i.e., Chapman, and not DFEH. However, the language does not indicate that the aggrieved person is the only one with an interest in the action. As pointed out by DFEH, the statute permits DFEH to file the action in its own name. Cal. Gov't Code § 12965(c)(2). Although the aggrieved person has a right to participate in the action as a party, such participation is not required. If the aggrieved person does participate, she may be represented by her own counsel, which suggests that the interests of the aggrieved party and the interests of DFEH in the action may not be the same. Accordingly, the statute does not rule out the proposition that DFEH has a separate interest from that of the aggrieved party. Cf., Maine v. Data General Corp., 697 F.Supp. 23, 25 (D.Me. 1988) (Maine statute permitted person aggrieved by discrimination to intervene, but allowed Maine Human Rights Commission to continue the action after the individual complainant had withdrawn; statute supported the view that the Commission had a separate interest from that of the individual victim of discrimination).

DFEH next contends that it is the real party in interest because it is exercising its police powers and it was created to provide effective remedies against "invidious acts that impair the economic and social well-being of the state's citizens and institutions." Motion, p. 6. DFEH cites Government Code § 12920, which, in part, provides:

>It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, or sexual orientation.
>
>It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for

> development and advancement, and substantially and adversely affects the interest of employees, employers, and the public in general....
>
> It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices.
>
> This part shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state.

Cal. Gov't Code § 12920.

DFEH indicates that as part of the "effective remedies," it is authorized to seek compensatory damages for the injured worker, along with injunctive measures such as training and policy changes. Cal. Gov't Code §§ 12965(c), 12970. DFEH concludes that it is the real party in interest for diversity purposes because it is authorized by FEHA to act in the interest of the State to deter and remedy discrimination.

Defendant counters that a general state interest in public welfare is not a sufficient interest to render the State or a government agency as the real party in interest to an action. Defendant relies on Missouri, Kansas, & Texas Railway Co. v. H.W. Hickman, 183 U.S. 53 (1901) ("Missouri Railway"). In Missouri Railway, the court found that a general governmental interest does not make a state the real party in interest and considered whether the relief sought inured to the state alone. Id. at 60-61. The court stated:

> It is true that the state has a governmental interest in the welfare of all its citizens, in compelling obedience to the legal orders of all its officials, and in securing compliance with all its laws. But such general governmental interest is not that which makes the state, as an organized political community, a party in interest in the litigation, for if that were so the state would be a party in interest in all litigation; because the purpose of all litigation is to preserve and enforce rights and secure compliance with the law of the state, either statute or common. The interest must be one in the state as an artificial person.

Id. at 60.

Defendant also relies on Dep't of Fair Employment & Hous. v. Lucent Techs.,Inc., 2007 WL 2947421, *1-2 (N.D.Cal. Oct. 9, 2007) ("Lucent"). The district court in Lucent, citing Missouri Railway, found that DFEH was not the real party in interest under facts similar to the instant action. In Lucent, DFEH brought a case against Lucent, a Delaware corporation with its principal place of business in New Jersey, on behalf of Steven Carauddo. The complaint alleged employment discrimination based on Carauddo's disability and asserted four causes of action
5

1  under FEHA.  As relief, the complaint sought reinstatement or back pay, front pay and other
2  benefits, along with emotional distress damages, punitive damages and injunctive relief.  Lucent
3  removed the case alleging diversity jurisdiction.  The <u>Lucent</u> court stated that the central factor in
4  determining the real party in interest under <u>Missouri Railway</u> is which party stands to receive the
5  benefit of the requested relief.  Id. at *2.  The court determined that Carauddo, not the State,
6  stood to receive substantial benefit of relief because any monetary damages would be paid to
7  Carauddo individually.  The <u>Lucent</u> court rejected as too broad DFEH's argument that it was the
8  real party in interest because of its interest in protecting its citizens from unlawful employment
9  discrimination and enforcing its police powers.  The court concluded that Carauddo, and not
10 DFEH, was the real party in interest.

11       Relying on <u>Missouri Railway</u> and <u>Lucent</u>, Defendant argues that DFEH filed its claims on
12 behalf of Chapman, any damages award would be to Chapman's benefit and any reinstatement
13 order would be for Chapman's benefit and therefore she is the real party interest.

14       As Defendant states, this action clearly seeks to benefit Chapman.  However, this does not
15 mean that DFEH does not have an interest in the litigation.  Federal courts consistently have
16 limited the applicability of <u>Missouri Railway</u> and the proposition that a state will not be deemed a
17 "real party" where the benefit of the litigation does not inure solely to the state.  As DFEH
18 contends, courts instead have found that a state is the real party in interest where it has a
19 substantial stake in the outcome or a quasi-sovereign interest.  See e.g., Wisconsin v. Abbott
20 Labs., 341 F.Supp.2d 1057, 1063 (W.D.Wis. 2004) ("lower courts have not strictly construed the
21 language in <u>Missouri Railway</u>, but instead have focused on the state's interest, monetary or
22 otherwise, in the context of the entire case;" finding state had "substantial stake" in outcome of
23 case); West Virginia v. Morgan Stanley & Co., 747 F.Supp. 332, 337 (S.D.W.Va. 1990) ("So
24 long as the state is more than a nominal or formal party and has a real interest, pecuniary or
25 otherwise, in the outcome of the litigation, it has been held that the State is a real party to the
26 controversy and removal on diversity grounds is improper."); Maine, 697 F.Supp. at 25 (court
27 determined that the state was not a nominal party because it had quasi-sovereign interests, such as
28 maintaining an honest marketplace and securing protection against discrimination for other

1  workers, beyond the interest of a few private parties); New York v. General Motors Corp., 547 F.
2  Supp. 703, 705 (S.D.N.Y. 1982) (New York filed suit and sought redress for persons who had
3  purchased certain automobiles and to protect prospective purchasers; court found state's goal of
4  securing an honest marketplace was a quasi-sovereign interest sufficient to preclude
5  characterizing the state as a nominal party); California v. Time Warner, Inc., 2008 WL 4291435,
6  *2 (C.D.Cal. 2008) ("Although the Supreme Court appeared to broadly eliminate the state as a
7  real party in interest whenever the state alone does not inure the benefit, *Missouri Railway* has
8  been subsequently limited and distinguished."). While Lucent appears on point, it is not wholly
9  instructive because it relied solely on Missouri Railway and did not consider the multiple district
10 court cases rejecting Missouri Railway's limited application.

11         Additionally, DFEH argues that its interest in the matter extends beyond more than a
12 simple general governmental interest.  The Court agrees.  Through its statutory authority, DFEH
13 seeks injunctive relief in this case to protect, not only Chapman, but also its residents from
14 unlawful employment discrimination and to promote proper employment practices.  As
15 recognized in Wisconsin v. Abbott Labs.,341 F.Supp.2d 1057, the state has a substantial stake in
16 the outcome where the action is brought pursuant to specific statutory authority and where the
17 prospective relief goes beyond the claims of injured individuals.  Id. at 1063.

18         The Court also finds that DFEH is a stakeholder in the litigation because it invests its own
19 resources in investigating the claim and prosecuting the case with it own attorneys.  See, e.g.,
20 Peralta Cmty. Coll. Dist. v. Fair Employment and Hous. Comm'n., 52 Cal.3d 40, 54 (1990)
21 (noting under FEHA that DFEH is the plaintiff and the employee is only a witness and that DFEH
22 bears the expense of prosecuting the action on behalf of the claimant, including the services of an
23 attorney from DFEH to try the case at no expense to the claimant); see also, Maine, 697 F.Supp.
24 at 25 n. 1 (representative disregarded for diversity purposes only when it has no power to control
25 the litigation or to sue in its own name).

26         As DFEH is more than a nominal party and has a real interest in the outcome of the
27 litigation, its lack of citizenship defeats federal diversity jurisdiction.  To the extent that the case
28 presents a close question, any doubt with respect to jurisdiction must be resolved in favor of the

1 | non-removing party.  See Gaus, 980 F.2d at 566.

**ORDER**

Based on the above, Plaintiff's Motion to Remand is GRANTED.  This action is REMANDED to the Kern County Superior Court for all further proceedings.

IT IS SO ORDERED.

Dated:   **November 10, 2009**               **/s/ Dennis L. Beck**
                                            UNITED STATES MAGISTRATE JUDGE