# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>CORRECTIONS CORPORATION OF AMERICA,<br><br>　　　　　　　　Defendant.<br>　　　　　　　　　　　　　　　　　　/<br>SHIRLEY DARLENE CHAPMAN,<br><br>　　　　　　　　Real Party in Interest.<br>　　　　　　　　　　　　　　　　　　/ | CASE NO. CV F 09-1388 LJO DLB<br><br>**ORDER TO RECONSIDER REMAND**<br>(Doc. 26.) |

## INTRODUCTION

Defendant Corrections Corporation of America ("CCA") seeks reconsideration of remand of this employment disability discrimination action in that Shirley Darlene Chapman ("Ms. Chapman"), not plaintiff Department of Fair Employment and Housing ("DFEH"), is the real party in interest to support diversity jurisdiction. DFEH responds that CCA has asserted "no valid argument" to compel reconsideration or to set aside remand. For the reasons discussed below, this Court DENIES reconsideration and to set aside remand.

1

## BACKGROUND

### DFEH's Claims

On June 17, 2009, DFEH filed its complaint against CCA in Kern County Superior Court to allege employment disability discrimination claims under the Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code, §§ 12900, et seq. The complaint identifies Ms. Chapman as the "real party in interest" and alleges four FEHA violation claims arising from Ms. Chapman's disability. As for relief for Ms. Chapman, the complaint seeks: (1) Ms. Chapman's reinstatement to her original position or a mutually acceptable position; (2) back pay and other applicable employment benefits; (3) out-of-pocket losses; (4) emotional distress damages; and (5) punitive damages. The complaint seeks injunctive relief to require CCA to: (1) "cease and desist from discrimination or other unlawful employment practices"; (2) develop and issue a "written policy regarding the laws prohibiting discrimination and the specific procedures by which employees may report incidents of discrimination"; (3) post a notice "stating that Defendant has violated the FEHA and specifying the remedies ordered"; and (4) direct CCA's California supervisors, managers and officers to attend "training regarding the rights and responsibilities of employers and employees under the FEHA."

### Remand

CCA removed the action to this Court based on diversity jurisdiction in that CCA is a Maryland corporation and Ms. Chapman, the real party in interest, is a Kern County resident. DFEH sought to remand this action in the absence of diversity jurisdiction in that DFEH, as an alter ego of the State of California, is not a citizen for diversity purposes. U.S. Magistrate Judge Dennis Beck's ("Judge Beck's") November 12, 2009 order ("remand order") remanded this action on grounds that "DFEH is more than a nominal party and has a real interest in the outcome of this litigation" and "its lack of citizenship defeats federal diversity jurisdiction."

## DISCUSSION

### Standard Of Review

CCA seeks reconsideration of remand in that Ms. Chapman, not DFEH, is the real party in interest to invoke this Court's diversity jurisdiction. Relying on non-binding authority, CCA argues that remand motions are dispositive to require this Court's de novo review. Although this Court disagrees

that remand motions are dispositive, this Court, out of an abundance of caution, will treat the remand order as subject to de novo review. Nonetheless, this Court agrees with DFEH that despite the standard of review applied, remand is warranted.

A district court may refer pretrial issues to a magistrate judge under 28 U.S.C. § 636 (b)(1). *See Bhan v. NME Hosp., Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991). A magistrate judge may make recommendations regarding the resolution of dispositive motions, but such recommendations are reviewed by the district court de novo. *See* 28 U.S.C. §§ 636(b)(1)(B), (C); F.R.Civ.P. 72(b); *Bhan*, 929 F.2d at 1414; *see also Grimes v. City of San Francisco*, 951 F.2d 236, 240-241 (9th Cir. 1991). If a party objects to a non-dispositive pretrial ruling by a magistrate judge, the district court will review or reconsider the ruling under the "clearly erroneous or contrary to law" standard. F.R.Civ.P. 72(a); *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002); *Grimes*, 951 F.2d at 240-241. A magistrate judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. *Security Farms v. International Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997); *Green v. Baca*, 219 F.R.D. 485, 489 (C.D. Cal. 2003). However, the district court "may not simply substitute its judgment for that of the deciding court." *Grimes*, 951 F.2d at 241. The "contrary to law" standard allows independent, plenary review of purely legal determinations by the magistrate judge. *See Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3rd Cir.1992); *Green*, 219 F.R.D. at 489; *see also Osband*, 290 F.3d at 1041. "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008); *Rathgaber v. Town of Oyster Bay*, 492 F.Supp.2d 130, 137 (E.D.N.Y.2007); *Surles v. Air France*, 210 F.Supp.2d 501, 502 (S.D. N.Y. 2001); *see Adolph Coors Co. v. Wallace*, 570 F.Supp. 202, 205 (N.D. Cal. 1983).

With these standards in mind, this Court turns to CCA's challenges to remand.

**Governmental Interest**

In his remand order, Judge Beck agreed with DFEH that DFEH's "interest in the matter extends beyond more than a simple general governmental interest." CCA argues that "DFEH's general interest in protecting the public welfare does not make it a party to all actions seeking compensatory damages or injunctions." CCA further argues that DFEH's interest in this action is limited to "its general police

1  power" in that a damages award and reinstatement benefit Ms. Chapman directly.  DFEH attacks as

2  meritless CCA's claim that Ms. Chapman "is the *only* real party in interest to the exclusion of all others"

3  given DFEH's "substantial stake in the outcome of the litigation."  (Italics in original.)

4        CCA, as did Judge Beck, points to following from *Missouri, Kansas & Texas Railway Co. v.*

5  *H.W. Hickman*, 183 U.S. 53, 60 (1901) ("*Missouri Railway*"):

> It is true that the state has a governmental interest in the welfare of all of its citizens, in compelling obedience to the legal orders of all its officials, and in securing compliance with all its laws.  But such general governmental interest is not that which makes the state, as an organized political community, a party in interest in the litigation, for if that were so the state would be a party in interest in all litigation; because the purpose of all litigation is to preserve and enforce rights and secure compliance with the law of the state, either statute or common.  The interest must be one in the state as an artificial person.

In the remand order, Judge Beck acknowledged that "this action clearly seeks to benefit Chapman."  Nonetheless, Judge Beck explained:

> However, this does not mean that DFEH does not have an interest in the litigation. Federal courts consistently have limited the applicability of Missouri Railway and the proposition that a state will not be deemed a "real party" where the benefit of the litigation does not inure solely to the state.  As DFEH contends, courts instead have found that a state is the real party in interest where it has a substantial stake in the outcome or a quasi-sovereign interest. . . . [citing several cases]
>
> . . .Through its statutory authority, DFEH seeks injunctive relief in this case to protect, not only Chapman, but also its residents from unlawful employment discrimination and to promote proper employment practices.  As recognized in Wisconsin v. Abbott Labs., 341 F.Supp.2d 1057, the state has a substantial stake in the outcome where the action is brought pursuant to specific statutory authority and where the prospective relief goes beyond the claims of injured individuals.
>
> This Court also finds the DFEH is a stakeholder in the litigation because it invests its own resources in investigating the claim and prosecuting the case with it[s] own attorneys.

This Court agrees with Judge Beck that DFEH has "a real interest" in this action's outcome. CCA ignores that DFEH seeks significant injunctive relief to promote FEHA goals and purposes and which does not benefit Ms. Chapman directly.  DFEH's interest is not limited to "its general police power."  Ms. Chapman's claims are the vehicle by which DFEH enforces FEHA to benefit employees other than Ms. Chapman.  The fact that DFEH and Ms. Chapman's potential success is intertwined is unavailing to CCA's claim of DFEH's limited interest.

/ / /

4

**California Government Code Section 12965**

CCA accuses Judge Beck of failing to follow California Government Code section 12965(c)(2) ("section 12965(c)(2)"), which empowers DFEH to "file in the appropriate court an action in its own name on behalf of the person claiming to be aggrieved as the real party in interest. In this action, the person claiming to be aggrieved shall be the real party in interest and shall have the right to participate as a party and be represented by his or her own counsel." CCA argues that section 12965(c)(2) delineates the aggrieved person, Ms. Chapman, as the real party in interest.

In the remand order, Judge Beck acknowledged "that the statutory language identifies the real party in interest as the aggrieved person, i.e., Chapman." Nonetheless, Judge Beck went on to explain:

> However, the language does not indicate that the aggrieved person is the only one with an interest in the action. As pointed out by DFEH, the statute permits DFEH to file the action in its own name. Cal. Gov't Code § 12965(c)(2). Although the aggrieved person has a right to participate in the action as a party, such participation is not required. If the aggrieved person does participate, she may be represented by her own counsel, which suggests that the interests of the aggrieved party and the interests of DFEH in the action may not be the same. Accordingly, the statute does not rule out the proposition that DFEH has a separate interest from that of the aggrieved party.

CCA places semantics over substance and ignores DFEH's role under section 12965(c)(2). Under section 12965(c)(2), DFEH brings the action as plaintiff. DFEH pursues the claims at issue. It is not merely a nominal party with no stake in the action. Moreover, had the Legislature intended to limit DFEH to a nominal party, it could have said as much. Instead, section 12965(c)(2) designates DFEH as the plaintiff, a party to the action, with power to pursue injunctive relief and remedies for the aggrieved party. Its role cannot be ignored or given lip service.

***Lucent Technologies* Case**

CCA faults Judge Beck's failure to adopt the reasoning of a fellow district court in *Dept. of Fair Employment & Housing v. Lucent Technologies, Inc.*, 2007 WL 2947421 (N.D. Cal. 2007). DFEH characterizes *Lucent Technologies* as having "extremely limited value."

In *Lucent Technologies*, 2007 WL 2947421 at *2, the district court denied remand under facts similar to those here and observed:

> DFEH's argument that it is the real party in interest based on its interest in protecting its citizens from unlawful employment discrimination and enforcing its police powers is too broad. A State's general governmental interest in protecting the welfare

of all its citizens is not sufficient to make it the real party in interest.

CCA claims that Judge Beck "summarily dismissed Lucent without any real explanation."

CCA is incorrect. In the remand order, Judge Beck discussed the facts and findings of *Lucent Technologies*. Judge Beck explained: "While Lucent appears on point, it is not wholly instructive because it relied solely on Missouri Railway and did not consider the multiple district court cases rejecting Missouri Railway's limited application." Judge Beck summarized no less than five district court cases which focused on governmental interest given courts' growing less strict construction of *Missouri Railway*. CCA fails to articulate what it characterizes as an "unsupported distinction" which Judge Beck "drew between out of state authorities and Missouri Railway and Lucent." Moreover, *Lucent Technologies* is a brief decision short of analysis. It lacks reference or discussion of section 12965(c)(2). *Lucent Technologies* appears result oriented and of minimal benefit.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court, after independent review, ADOPTS in full the remand order and DENIES CCA reconsideration relief. The remand order is neither clearly erroneous nor contrary to law in that it correctly applied the pertinent legal authority.

IT IS SO ORDERED.

**Dated:   December 4, 2009**                  **/s/ Lawrence J. O'Neill**
                                               UNITED STATES DISTRICT JUDGE